## IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| CYNTHIA GRAVES, ) | |
| ) | **CJ-2017-01695** |
| Plaintiff, ) | Case No. |
| ) | |
| vs. ) | Attorney Lien Claimed |
| ) | Jury Trial Demanded |
| GREEN COUNTRY STAFFING, INC., a ) | |
| domestic for profit corporation, TULSA'S ) | |
| GREEN COUNTRY STAFFING ) | MARY F. FITZGERALD |
| HOLDING, LLC, a domestic limited ) | |
| liability company, TULSA'S GREEN ) | |
| COUNTRY STAFFING, LLC, a domestic ) | DISTRICT COURT |
| limited liability company, and INFINITE ) | **F I L E D** |
| PACKAGING GROUP, Inc., a foreign for ) | |
| profit business corporation, ) | MAY - 1 2017 |
| ) | |
| Defendants. ) | DON NEWBERRY, Court Clerk |
| ) | STATE OF OKLA. TULSA COUNTY |

### PETITION

COMES NOW the Plaintiff, Cynthia Graves, through her attorney of record, David A. Warta of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against the Defendants for violations of her constitutionally protected rights arising out of her employment.

### JURISDICTION

1. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000e, *et seq.* ("Title VII"), providing for relief from a hostile work environment on the basis of gender, and protection from retaliation for asserting rights under Title VII.

2. Plaintiff is a resident of Tulsa County, State of Oklahoma.

3. The Green Country Staffing defendants ("GCS") and Infinite Packaging Group, Inc., ("IPG") ("GCS" and "IPG" collectively, "Defendants") all conduct substantial business in Tulsa County, Oklahoma. The Defendants each employed more than 15 employees at all times during Plaintiff's employment.

4. Plaintiff, a resident of the State of Oklahoma, filed two Charge of Discrimination forms with the Equal Employment Opportunity Commission ("EEOC") on October 1, 2015, one against IPG and the other against GCS, complaining of sexual harassment, discrimination based on her gender, and retaliation. All of the alleged wrongful acts occurred well within 300 days of Plaintiff's Charge of Discrimination filings.

5. The EEOC "found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge . . .." against GCS. Plaintiff received the Dismissal and Notice of Rights in regard to defendant IPG on or about February 2, 2017. Plaintiff received the Dismissal and Notice of Rights in regard to defendant GCS on or about February 10, 2017. The Petition has been filed within ninety days (90) of the receipt of the respective dismissal notices. As such, Plaintiff has complied fully with all prerequisites in this Court pursuant to Title VII.

6. Plaintiff seeks damages in excess of $75,000.00.

7. The wrongful acts complained of occurred in Tulsa County, Oklahoma.

8. Jurisdiction is appropriate and venue is proper in Tulsa County District Court.

### FACTS COMMON TO ALL CLAIMS

9. The preceding paragraphs are incorporated by reference.

10. Plaintiff is a female.

11. Plaintiff began her employment with Defendants in July 2015. At that time, Green Country Staffing placed Plaintiff with Defendant IPG as a temporary employee.

12. From the beginning of her employment, Plaintiff began to endure sexual harassment from co-worker Ray Flatt, through sexually charged crude comments and inappropriate gestures.

13. Flatt inappropriately touched Plaintiff in a sexual manner on several occasions.

14. The sexual harassment and ridicule was so severe and pervasive that it altered the conditions of Plaintiff's employment.

15. Plaintiff complained of the conduct to Defendants' management on September 25, 2015. Within hours after Plaintiff's complaint regarding the illegal conduct, Defendants terminated Plaintiff's employment. This, despite the fact that Plaintiff had, at all times, been an exemplary employee.

16. Upon information and belief, prior to Plaintiff's employment, Defendants were aware of instances of similar unwanted, inappropriate conduct by Flatt with other employees.

17. Due to the discriminatory culture fostered by Defendants, and their outrageous response to Plaintiff's complaints regarding the illegal activity, Plaintiff suffered economic and non-economic damages, including lost income and emotional harm.

### FIRST CLAIM FOR RELIEF: HOSTILE WORK ENVIRONMENT BASED ON GENDER IN VIOLATION OF TITLE VII
(all Defendants)

18. The preceding paragraphs are incorporated by reference.

19. By continually subjecting the Plaintiff to a hostile work environment based on her gender and failing to properly ensure a non-hostile work environment, Defendant has violated Title VII of the Civil Rights Act of 1964.

### SECOND CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF TITLE VII
(all Defendants)

20. The preceding paragraphs are incorporated by reference.

21. By terminating Plaintiff's employment in retaliation for her participation in protected activity as defined under Title VII, Defendants have violated 42 U.S.C. §2000e-3(a).

### THIRD CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. The preceding paragraphs are incorporated by reference.

23. Defendants' actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits;
b. Front pay;
c. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
d. Punitive damages;
e. Her attorney's fees and the costs and expenses of this action;
f. Such other relief as the Court deems just and equitable.

Respectfully submitted,

_____
David A. Warta, OBA# 20361

SMOLEN SMOLEN & ROYTMAN, PLLC
701 S. Cincinnati Ave.
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
E-mail: davidwarta@ssrok.com
*Attorney for Plaintiff*

5